3. The transfers by the debtors to the defendant between February 3, 1991 and February 3, 1992, totalling $13,450 are void; and

In re L.F.S. Debtor.

L.D.J., Plaintiff,

v.

L.F.S. Defendant.

Adv. No. 92–4274.

United States Bankruptcy Court,
W.D. Missouri, W.D.

Nov. 23, 1992.

**898**

Robert L. Shirkey, Kansas City, MO, for plaintiff.

Jeffrey B. Tonkin, Kansas City, MO, for defendant.

### FINDINGS, CONCLUSIONS AND ORDER

KAREN M. SEE, Bankruptcy Judge.

### INTRODUCTION

Plaintiff alleged that defendant infected her with genital herpes, and that the claim should be held nondischargeable as a willful and malicious injury under 11 U.S.C. § 523(a)(6). After hearing the evidence of the parties and their medical experts at trial, the court concludes that plaintiff did not sustain her burden of proof and judgment should be entered in favor of defendant.

The parties agree that this is a core proceeding, and that the court has jurisdiction and may enter final orders pursuant to 28 U.S.C. 1334(a) and 28 U.S.C. § 157(b)(2)(I).

Section 523(a)(6) provides that debts for "willful and malicious injury by the debtor to another entity" are excepted from discharge in bankruptcy. In a trial on dischargeability of a debt, the party objecting to discharge bears the burden of establishing the elements under § 523 by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). Plaintiff was required to establish by a preponderance of the evidence that defendant transmitted genital herpes to her willfully and maliciously. Plaintiff did not sustain her burden of proof. She was unable to establish that defendant infected her with herpes, so no issue is presented as to of the level of intent, i.e. whether defendant acted willfully and maliciously, or negligently, recklessly, or with gross negligence.

### FACTS

The debtor/defendant filed a Chapter 7 case on May 20, 1992. Plaintiff, debtor's former wife, is listed in the schedules as a creditor in an amount presently unknown. Plaintiff's claim, as set forth in the complaint, is that defendant intentionally and with malice infected her with Herpes Simplex II, commonly known as genital herpes, and also with Herpes Simplex I, a related virus which causes cold sores.

After a 12–year marriage, the parties commenced dissolution of marriage proceedings in 1989, and a decree of dissolution was entered in 1990. Defendant appealed the provisions of the decree relating to division of pensions to the Missouri Court of Appeals, and in January, 1992, a decision was entered affirming the decree, and confirming a finding of sexual misconduct by defendant.

In the dischargeability trial, plaintiff testified the dissolution resulted from her discovery of defendant's infidelity. As referenced in the court of appeals opinion, defendant for many years maintained a secret apartment in which he engaged in sexual liaisons with numerous women. Defendant does not deny that he had relations with other women during the marriage.

Plaintiff's evidence was as follows. Plaintiff testified that in her entire life, defendant was the only person with whom she had ever had sexual relations, and that in June, 1989, about or after the time the parties separated, she was diagnosed with both Herpes Simplex I and II. Plaintiff first went to the doctor because of what she thought was a persistent vaginal infection. She told her doctor that she thought her husband had had intimate relations with many women, and requested that as a precaution she be given the full range of tests for sexually transmitted diseases. As a result of a blood test in June, 1989, it was determined that plaintiff had genital herpes and not a vaginal infection.

Plaintiff's doctor testified about the testing and diagnosis outlined above. He said that genital herpes can be transmitted only by genital contact during an active stage when there are genital lesions or blisters, and that parties who contract Herpes II, or genital herpes, often seem to develop Herpes I, or cold sore herpes, as a corollary, even though they are two distinct viruses. He testified that assuming plaintiff had not had sexual relations with anyone except defendant, and that defendant had for many years had relations with many other women, he believed plaintiff contracted the virus from defendant.

Plaintiff's only medical evidence that defendant had herpes was a blood test defendant took in June, 1990, which was introduced by stipulation, showing that at the time of the test in June, 1990, defendant tested positive for genital herpes. Thus, plaintiff's medical evidence established that defendant had herpes one year after plaintiff's diagnosis. Plaintiff then rested.

Defendant's evidence was as follows. Defendant introduced, by stipulation, a laboratory report for a blood test dated in August, 1989, which indicated that defendant tested negative for both Herpes I and II. This test was taken shortly after plaintiff was diagnosed with genital herpes and about 10 months before defendant's second test. It is undisputed that 10 months later, in June, 1990, defendant tested positive for both Herpes I and II viruses.

Defendant's doctor testified that in August, 1989, he examined defendant and found no genital lesions or blisters, and that he ordered the first blood test and also a consultation with a specialist in infectious diseases, who apparently examined defendant and concluded that he did not have herpes, according to a letter defendant introduced by stipulation. As previously noted, the August, 1989 blood test was negative for both Herpes I and II. Defendant's doctor testified that the most conclusive herpes test was based on scrapings from active lesions. However, he stated that the blood test was a reliable method of testing, and that in August, 1989, even during a dormant period for the virus, the blood test would not have erroneously read negative if the defendant actually had the Herpes II virus.

Defendant testified that to date, he had never had lesions or blisters, even though he does not dispute that in June, 1990, he tested positive for both Herpes I and II. He testified that he believed plaintiff also had affairs during the marriage, an allegation which is contrary to plaintiff's testimony. He also asserted that plaintiff was making the genital herpes allegations in bad faith in order to embarrass him, and that she had appeared on the Geraldo Rivera television show.

The above evidence established only that defendant had genital herpes in June, 1990, one year after plaintiff was diagnosed. There is no medical evidence that he had herpes in August, 1989, and the only medical evidence would indicate he did not have it at that time.

Even though the court concludes that plaintiff did not sustain her burden of proof, nevertheless there are notable inconsistencies in the evidence. There was no

reason to disbelieve plaintiff's testimony that she had never had sexual relations with any other person and had no other source for exposure to Herpes Simplex II. It was undisputed that during the marriage, defendant had sexual relations with numerous women. It is undisputed that in June, 1990, defendant clearly tested positive for both Herpes I and Herpes II. If plaintiff was telling the truth, then circumstantially, it would seem that she most likely contracted the Herpes II virus from defendant, which would be consistent with his positive test in June, 1990. However, the troubling aspect of the evidence is that in August, 1989, at the time plaintiff was diagnosed with Herpes II, and 10 months prior to the date it was established that defendant had Herpes II, defendant tested negative for the virus according to the only medical evidence in the record. Furthermore, defendant's expert testified that the blood test was reliable, even if the virus was dormant at the time of the test.

## CONCLUSIONS OF LAW

■ After consideration of all evidence offered at trial, the court finds that plaintiff did not meet her burden of proof. In order to establish nondischargeability pursuant to § 523(a)(6) in the Eighth Circuit, plaintiff must prove defendant's conduct was both willful and malicious, which are construed as two separate elements. *In re Long*, 774 F.2d 875 (8th Cir.1985). *Long* also indicated that the element of malice means actual malice. "Willful and malicious" has also been defined as an intentional act which causes injury. *In re Cecchini*, 772 F.2d 1493 (9th Cir.1985).

■ The standard is one of intent, and mere recklessness is not sufficient. "A claim based on mere negligence, however gross, cannot support a claim on nondischargeability under § 523(a)(6)." *In re Jaquis*, 131 B.R. 1004, 1009 (Bankr.Fla.1991) (apparently the only reported decision on a dischargeability action for transmission of genital herpes, deals primarily with res judicata issues).

■ In the present case, plaintiff cannot even establish negligence or recklessness, because she did not establish by a preponderance of the evidence that defendant infected her with genital herpes. Plaintiff failed to produce any evidence that defendant infected plaintiff with Herpes Simplex I and II at all. Plaintiff's case is based on circumstantial evidence that because she alleges her chastity and fidelity and defendant's lack of fidelity, she must have been infected by him. The evidence at trial, however, is that he tested negative for both Herpes I and II as of the date her infection was confirmed by laboratory data.

■ Even assuming that plaintiff's evidence that defendant infected her was sufficient, she still could not prevail in this dischargeability action because there was no evidence of his alleged intent, and the mere fact of transmission of the virus would not establish that defendant's acts were willful and malicious. For example, it would be reasonable to assume that some persons with genital herpes might be embarrassed or afraid to disclose the fact to a spouse, and might engage in sexual relations at a time reasonably thought to be safe. If herpes were transmitted in that circumstance, under § 523(a)(6) the state of mind would not meet the "willful and malicious" standard, but would instead constitute negligence, gross negligence, or recklessness.

## CONCLUSION

Since the only medical evidence indicates that defendant tested negative for herpes at the time plaintiff's condition was diagnosed, plaintiff did not prove her case by a preponderance of evidence, and judgment must be entered in favor of defendant.

Accordingly, it is

HEREBY ORDERED, ADJUDGED AND DECREED that plaintiff's claim is dischargeable in debtor's Chapter 7 bankruptcy proceeding, and judgment is entered in favor of defendant, and against plaintiff with costs against plaintiff.